**ORIGINAL**

FILED

AUG - 4 2014

CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHNNY DEWAYNE LEWIS § | |
| (TDCJ #1879387 and former § | |
| TDCJ # 1558124) § | |
| § | |
| VS. § | CIVIL ACTION NO.4:14-CV-547-O |
| § | |
| CORRECTIONS CORPORATION OF § | |
| AMERICA, et al. § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

In this case, Texas Department of Criminal Justice inmate/plaintiff Johnny Dewayne Lewis filed a new civil case, now accompanied by a motion for leave to proceed *in forma pauperis*. Resolution of the motion was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b). The findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

### FINDINGS AND CONCLUSIONS:

A. NATURE OF THE CASE

This case is a new civil action.

B. PARTIES

Johnny Dewayne Lewis is the plaintiff.[1] He has named as defendants the Corrections Corporation of America, the University of Texas Medical Branch, and two individual defendants.

---

[1] Plaintiff Lewis acknowledges that he has had several previous TDCJ numbers, including 1558124. Compl. § VII.

C. LEGAL ANALYSIS

Although plaintiff Lewis has filed a motion for leave to proceed in forma pauperis, Court records reveal, as a result of previously filing frivolous suits, he is barred from proceeding under 28 U.S.C. § 1915 in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury.[2] Lewis obtained the qualifying dismissals in this the United States District Court for the Northen District of Texas and in the United States Court of Appeals for the Fifth Circuit.[3] In this case, Lewis has not set forth grounds for leave to file in compliance with 28 U.S.C. § 1915(g); that is, Lewis does not claim that he is "under imminent danger of serious physical injury." Thus, the undersigned finds that Johnny Dewayne Lewis is not entitled to proceed *in forma pauperis* in this action and, if he wishes to proceed with this suit, he must pay a full filing fee.

RECOMMENDATION

It is therefore RECOMMENDED that Johnny Dewayne Lewis (TDCJ No.1879387 prior TDCJ number 1558124) should not be allowed to

---

[2]As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

[3]See *Lewis v. Thaler, et al.*, No. 09-10993 (5th Cir. December 9, 2010) ("Because Lewis has now accumulated three strikes [under § 1915(g)] he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury").

2

proceed in forma pauperis in this action and that the motion to proceed in forma pauperis be DENIED by the district judge. It is further RECOMMENDED that the district judge inform plaintiff Lewis that his complaint will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b), unless he pays to the clerk of Court the filing and administrative fees of $400.00[4] within seven (7) days after the district judge's order.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 25, 2014. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination

---

[4] In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule, effective May 1, 2013, requires payment of an administrative fee for filing a civil action in district court of $50. See 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14.

is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding and legal conclusion if it has been accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

ORDER

Under 28 U.S.C. § 636, it is ORDERED that Plaintiff is granted until August 25, 2014 to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge, be and is hereby, returned to the docket of the United States District Judge.

SIGNED August 4, 2014.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4