IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **JOHNNY DEWAYNE LEWIS** § <br> **(TDCJ #1879387 and former** § <br> **TDCJ # 1558124)** § <br> § <br> VS. § <br> § <br> **CORRECTIONS CORPORATION OF** § <br> **AMERICA, et al.** § | **CIVIL ACTION NO.4:14-CV-547-O** |

**ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION, FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g) and, ORDERING PLAINTIFF TO PAY FILING AND ADMINISTRATIVE FEES**

This civil action was initiated by the filing of a civil complaint by inmate plaintiff Johnny Dewayne Lewis. On August 4, 2014, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. §1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing fee. The Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 4, 2014; and

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

    3.    The petitioner's written objections[2] to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on August 21, 2014.

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge, Plaintiff's objections must be overruled, Plaintiff's motions to proceed in forma pauperis must be denied, and he must pay the filing and administrative fees if he wishes to maintain this suit.

It is therefore **ORDERED** that the findings, conclusions and recommendation of the magistrate judge are **ADOPTED**.

It is further **ORDERED** that Plaintiff's motions for leave to proceed in forma pauperis (ECF Nos. 6 and 9) are **DENIED.**

It is further **ORDERED** that if Plaintiff Johnny Dewayne Lewis (TDCJ # 1879387) wishes to proceed with this action, he must pay to the clerk of Court the full filing fee of $350.00 and administrative fee of $50.00 (total fees of $400.00) within ten (10) days of the date of this order.[3] Plaintiff is advised that failure to timely pay the applicable fees to the Clerk of Court could result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[4]

**SO ORDERED** this **28th day** of **August, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[2] Although Lewis entitled the document as an "appeal," as the substance of the document is a challenge to the magistrate judge's recommendation that he not be permitted to proceed in forma pauperis, it is construed as objections to that report.

[3] Although the Court would normally give an inmate plaintiff thirty days to pay a filing fee, as Plaintiff has previously been notified of the bar to filing under § 1915(g), the Court concludes that ten days to comply is sufficient.

[4] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).